Joseph A. TOWERS, Appellant,

v.

S. J. KANNER, E. S. Hemphill, W. Sanders, W. S. Fielding and J. C. Ausley, as the Chairman and Members of the Florida Board of Bar Examiners, Appellees.

No. 17224.

United States Court of Appeals
Fifth Circuit.

Nov. 14, 1958.

Joseph A. Towers, in pro. per.

Richard W. Ervin, Atty. Gen., Ralph M. McLane, Asst. Atty. Gen., H. Rex Owen, Sp. Asst. Atty. Gen., for appellees.

Before HUTCHESON, Chief Judge, and CAMERON and BROWN, Circuit Judges.

PER CURIAM.

Towers seeks admission to the State Bar of Florida. Thus might this case be similar to those recently before the Supreme Court in Konigsberg and Schware[1] but for at least one distinguishing factor. Towers has not been excluded from

---

1. Konigsberg v. State Bar of Calif., 1957, 353 U.S. 252, 77 S.Ct. 722, 1 L.Ed.2d 810; Schware v. Board of Bar Examiners of the State of New Mexico, 1957, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796.

bar admission by virtue of a moral character examination, nor been prevented from taking the written bar examination. He simply claims a constitutionally based right to be admitted to the Bar *without* an examination. This is an asserted right, need it be added, which the Florida Bar Examiners refuse to acknowledge.

Towers asserts the unconstitutionality of old Section 454.031(3) of the Florida Statutes, F.S.A.[2] This provides that law students who enrolled in school on or before July 25, 1951, and graduated before May 18, 1954, (or, within three years of an enrollment prior to July 25, 1951), shall be admitted to practice without taking a bar examination. For this purpose, time spent in the military service is excluded. Thus, the act is designed, in effect, for the benefit of Korean War veterans. Under this act some of Towers' classmates were admitted to the Florida

Bar without an examination while he was not.

This act has now been repealed. In its place is a requirement that admission to the Florida Bar is subject to a satisfactory grade on the bar examination.[3] Therefore, any objections that Towers might once have raised to this statute have now become moot.

With the statute out of the way he cannot show that the requirement of a bar examination now prescribed for all by the Supreme Court of Florida deprives him of any Federally guaranteed right.

Jurisdiction was based wholly on that. 28 U.S.C.A. § 1331. It was lacking. The Court was right in dismissing the cause, but the order is amended to show that it is for want of requisite jurisdiction and not, as set forth, for failure to exhaust his state court remedies.

Modified, and as modified, affirmed.

---

2. " * * * (3) No person shall be entitled to admission to practice without examination as to legal attainments; provided, that any person enrolled on or before the 25th day of July, 1951, as a student in any law school chartered by and conducted within this state or approved by the supreme court shall be entitled to admission upon presenting to the state board of law examiners satisfactory evidence of good moral character and obtaining the degree of bachelor of laws from such school within three years of the date either of his enrollment or of May 18, 1951, time spent in military service of the United States, and allied nation, or the United Nations not to be reckoned as a part of said three years." Fla.Stat. § 454.031(3), F.S.A.

3. "Attorneys; admission to practice law; supreme court to govern and regulate. (1) Admissions of attorneys and counselors to practice law in the state is here-

by declared to be a judicial function. (2) The supreme court of Florida, being the highest court of said state, is the proper court to govern and regulate admissions of attorneys and counselors to practice law in said state. (3) This section shall not affect the right of the legislature at any time to change the provisions hereof and the legislature hereby expressly reserves that right." Fla.Stat. § 454.021, F.S.A.

The Rules of the Supreme Court of Florida relating to Admissions to the Bar now provide:

"The Board shall prepare and conduct written examinations at such places and times in the State of Florida and in such subjects as it may from time to time prescribe and it shall recommend qualified candidates to the Court for admission." Fla.Sup.Ct.Rules, Admissions to the Bar, Art. II, § 10, 31 F.S.A.